**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

_____

| | |
|---|---|
| RICHARD C. RAUGUST, | CAUSE NO. CV 07-0055-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MIKE FERRITER, Director of the Montana Department of Corrections; MIKE MAHONEY, Warden of the Montana State Prison; ROSS SWANSON, Deputy Warden of the Montana State Prison; MYRON BEESON, Assistant Warden of Security; TOM WOOD, Security Major at the Montana State Prison, in their individual and official capacities, | |
| Defendants. | |

_____

This case originated as a state court action filed by Plaintiff in the Third Judicial District Court for Powell County, Montana alleging civil rights violations pursuant to 42 U.S.C. § 1983 based upon the conditions of confinement at the Montana State Prison in Deer Lodge, Montana. On September 11, 2007, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441 on the grounds that this case is one of which the United States District Courts are given original jurisdiction by reason of the federal question presented by Plaintiff and pursuant to 28 U.S.C. § 1331.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 1

I.  **PROCEDURAL HISTORY**

On August 7, 2007, Plaintiff filed an application to proceed in forma pauperis, a complaint, an affidavit, and a motion to serve counsel for all defendants.  On August 8, 2007, summons was issued and proof of service was filed on August 17, 2007 and August 20.  On August 20, 2007, Plaintiff filed a Motion for Class Certification with Affidavits and Brief in Support.  On September 13, 2007, the State Court received Notice that this action had been removed to Federal Court. (Document 6-State Court Docket Sheet).

The Notice of Removal was filed in this Court on September 11, 2007.  (Document 1).  On September 21, 2007, Plaintiff filed an Objection to Defendant's Notice of Removal which has been construed by this Court as a Motion to Remand this matter to state court. (Document 3).

II.  **MOTION FOR REMAND**

In their Notice of Removal, Defendants state that the grounds for removal are that this Court has original jurisdiction over this action based on federal question granted to such courts in 28 U.S.C. § 1331.  Defendants argue that Plaintiff's Complaint is a civil action that arises under 42 U.S.C. § 1983 and that Plaintiff alleges violations of the Eighth and Fourteenth Amendments to the United States Constitution.  They contend that removal is proper under 28 U.S.C. § 1441(a).  Defendants submit

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 2

that this Court has jurisdiction over all other claims in Plaintiff's Complaint under the supplement jurisdiction statute, 28 U.S.C. § 1367.  Defendants aver that removal is timely under 28 U.S.C. § 1446(b) in that fewer than 30 days had elapsed since a copy of the summons and complaint was first provided and that all defendants consent to removal of this case. (Document 1, p. 2).

In his Objection, Plaintiff argues that the majority of the violations raised in his Complaint are under the protection of the Montana Constitution and that he has the right to bring these claims in state court.  He states that Counsel for Defendants is misleading this Court by stating that the only claims Plaintiff brings are claims under the United States Constitution. (Document 3, p. 4).

Under 28 U.S.C. § 1441(a), district courts have removal jurisdiction over any claim that could have been brought in federal court originally. *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 686-87 (9th Cir. 2007).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 3

Plaintiff states in the heading of his Complaint that the case is brought under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. (Document 4, p. 1). Defendants make no claim that all the allegations in the Complaint are federal claims and they do not need to in order to successfully remove this case. All that is required is one well-pleaded federal claim. As Plaintiff has indicated that his Complaint is brought, at least in part, under a federal statute and the United States Constitution, removal is proper and Plaintiff's Motion to Remand is denied.

### III. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration and a certificate stating his inmate account balance signed by an authorized officer of the institution in which he is incarcerated. This Court finds this documentation sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be **GRANTED.**

### IV. MOTION TO SERVE COUNSEL FOR ALL DEFENDANTS

Plaintiff's Motion to serve counsel for all Defendants with all subsequent filings will be granted. As set forth below, Plaintiff is required to serve a copy of all future documents submitted to this Court upon counsel for Defendants as indicated on the Notice of Removal.

### V. MOTION FOR CLASS CERTIFICATION

Rule 23(a) of the Federal Rules of Civil Procedure provides the prerequisites for class actions as follows:

> **(a) Prerequisites**. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiff would not be an adequate class representative in this situation as he is an incarcerated inmate proceeding pro se. Plaintiff is not an attorney and therefore cannot represent other inmates. See *McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966)* (lay person lacks authority to appear as an attorney for others).

Accordingly, Plaintiff's Motion for Class Certification should be denied. See 28 U.S.C. § 636(b)(1)(A).

## VI. PRESCREENING OF PLAINTIFF'S COMPLAINT

A. <u>Standard</u>

As Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis, his Complaint is subject to screening under 28 U.S.C. §§ 1915 and 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which

> a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants or at any time thereafter if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(quotation omitted). This requirement demands "more than labels and conclusions, [or]

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 6

a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Finally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

B.   Plaintiff's Allegations

Plaintiff alleges that high temperatures in inmate cells at Montana State Prison amount to cruel and unusual punishment and violate both federal and state law.  Plaintiff states that although inmates were previously allowed fans to alleviate the heat in their cells, Defendants implemented a new property policy in February 2007 that does not allow personal fans to be used by inmates in their cells.  Plaintiff alleges that inmates are forced to live in conditions of 90 plus degree temperatures in their cells with basically no moving air to cool them down.

Plaintiff alleges that the excessive heat has caused him to suffer disparate treatment (because inmates in other state

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 7

facilities have air conditioning); loss of meaningful sleep, nausea, nose bleeds, heat blisters, needless suffering and undue tension from the heat, lack of air circulation and cooling.

Plaintiff alleges in his affidavit filed in support of his Complaint that he suffers from severe degenerative joint disease and a heart condition.  He contends that both conditions are exacerbated by a lack of adequate cooling and ventilation.

For his relief, Plaintiff seeks injunctive and declaratory relief as well as monetary and punitive damages.

C.   Analysis

The Eighth Amendment protects persons who have been convicted of crimes from punishments that are both cruel and unusual.  However, "[t]he Constitution 'does not mandate comfortable prisons.'"  *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).  Nor is the Eighth Amendment a mandate for federal courts to become involved in routine prison administration.  *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

Prison officials are required to insure that inmates receive adequate food, clothing, shelter and medical care.  *Farmer*, 511 U.S. at 832.  An inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove an objective component and subjective component

associated with the deficiency.  The objective component requires conditions sufficiently serious so as to "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.  Alternatively, a condition must be sufficiently serious so as to constitute a substantial risk of serious harm. *Helling v. McKinney*, 509 U.S. 25, 33-35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).  The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety.  *Wilson v. Seiter,* 501 U.S. 294, 297, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

    Thus, to state a claim under the Eighth Amendment, the prisoner-plaintiff must show not only that prison officials were subjectively and actually indifferent to the plight he alleges, but also that the conditions themselves were objectively sufficiently serious to acquire constitutional dimension; that is, the conditions "must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347).

    Generally, only the most severe deprivations can support an Eighth Amendment claim.  However, "[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing."  *See Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000).  "To find an Eighth Amendment

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 9

violation, courts must identify specific conditions that fail to meet Eighth Amendment requirements." *Hoptowit*, 682 F.2d at 1247; *see also id*. n.3.  A "totality of circumstances" test is not be applied.  *Id*. at 1247.

Plaintiff's allegations that inmates are being exposed to excessive heat without adequate ventilation are not sufficient to state a claim in this instance even with due consideration given to the prescreening standards, the relaxed analysis given in realization of Plaintiff's pro se status, and with due regard to the Court's limited role under Rule 12(b)(6).  Plaintiff's complaint fails to allege conditions that meet the objective standard discussed above.  *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) and *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) recognize that inmates have a constitutionally protected right to be free from extreme temperature conditions.  However, given the facts alleged by Plaintiff in this instance, *Chandler v. Crosby*, 379 F.3d 1278, 1290-1295 (11th Cir. 2004)  controls.  Recognizing the existence of an Eighth Amendment protected right not to be exposed to excessive heat, the Chandler court held that no such right was violated in a Florida facility with higher temperatures and humidity occurring over longer periods than Plaintiff has alleged. The court found heat conditions consisting of average summer cell temperatures between eighty and ninety degrees, with

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 10

those in excess of ninety degrees occurring nine percent of the time during the months of July and August, not "unconstitutionally excessive." Id. at 1297. Such conditions were "consistent with reasonable levels of comfort and slight discomfort which are to be expected in a residential setting in Florida in a building that is not air-conditioned," and thus did not establish the extreme deprivation required to make out a conditions-of-confinement claim. Id. at 1297, 1298.

Plaintiff's allegations, taken as true, assert less extreme conditions than those found not to have violated the Eight Amendment in Chandler. These allegations, therefore, do not give rise to a constitutional claim, and dispose of Mr. Raugust's disparate treatment allegation by necessary implication.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Plaintiff's Motion for Remand (Document 3) is **DENIED.**

2. Plaintiff's Motion to Proceed in forma pauperis is **GRANTED.**

3. Plaintiff's Motion to only Serve Counsel for Defendants is **GRANTED.**

Further, the Court issues the following:

### RECOMMENDATION

1. Plaintiff's Motion for Class Certification should be

**DENIED.**

2. Plaintiff's Complaint (Document 7) fails to state a claim and should be **DISMISSED.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date that this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 11th day of April, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE / PAGE 12