

**FILED**

JUN 11 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| RICHARD C. RAUGUST, | ) | CV 07-55-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MIKE FERRITER, Director of the Montana Department of Corrections, et al., | ) | |
| Defendants. | ) | |

Plaintiff Raugust, a state prisoner proceeding pro se, has filed a Complaint alleging violations of his civil rights due to extreme heat in his cell. The case originated in state court, where the Plaintiff filed a Complaint alleging state and federal constitutional claims. It was removed to this court by the Defendants pursuant to 28 U.S.C. § 1441 due to the existence of federal constitutional claims over which this court holds original jurisdiction. Plaintiff Raugust has filed a motion for class certification.

United States Magistrate Judge Keith Strong conducted

-1-

preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice for failure to state a claim upon which relief can be granted. Judge Strong concluded that the conditions described in the Complaint do not rise to the level of an Eighth Amendment violation because while the Complaint describes some discomfort, it does not allege extreme temperature conditions. Judge Strong also recommends denial of the motion for class certification on the ground that Raugust, as a pro se litigant, may not represent other inmates.

Raugust timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections Raugust asks that only his federal claims be denied, and that the case be remanded to state court so that he may advance his Montana constitutional claims.

Raugust's motion to dismiss his federal claims does not automatically vitiate the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). See Albingia Versicherungs A.G. v. Schenker Intern. Inc., 344 F.3d 931, 938 (2003)(amended on other grounds 350 F.3d 916 (2003)). "Once supplemental jurisdiction exists, it remains, subject to the discretionary

provision for remand in section 1441." Id. Section 1441(c) provides, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." With the dismissal of Plaintiff's federal claims, only state law claims will remain. Therefore, this matter will be remanded to the state court for determination of Plaintiff's state law claims. In all other respects, I adopt Judge Strong's Findings and Recommendations in full.

Accordingly, IT IS HEREBY ORDERED that the federal claims brought pursuant to 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE and this matter is remanded to the Ninth Judicial District Court for Toole County pursuant to 28 U.S.C. § 1441(c). The Clerk of Court is directed to send a certified copy of the notice of remand to the clerk of court for Toole County, Montana.

DATED this 11 day of June, 2008.

Donald W. Molloy, District Judge
United States District Court